## No. 10,257.

### THE STATE EX REL. CAROLINE LALOIR VS. CONSOLIDATED ASSOCIATION OF THE PLANTERS OF LOUISIANA AND THE RECORDER OF MORTGAGES.

The mortgage securing shares of stock of the Consolidated Association of the Planters of Louisiana, being extinguished by reason of the prescription of the demands of the association against the shareholders, the recorder of mortgages may be coerced by *mandamus* to cancel the inscription thereof from the mortgage records.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Chas. Louque* for Plaintiff and Appelle.:

*Jos. P. Hornor & Son* for Defendant and Appellant:

The opinion of the court was delivered by

WATKINS, J. Relator, claiming to be owner of an improved piece of real estate, situated in the city of New Orleans; on which there is reported as an incumbrance the inscription of a mortgage in favor of the Consolidated Association of the Planters of Louisiana, for sixteen shares of stock; and representing that his widow has paid " all the

indebtedness to said association, including the calls made under the act of the legislature to pay the full indebtedness of said·bank;" and averring that if any further demand or claim is preferred, or made on that account, same is prescribed, and thereby said interfering mortgage has become extinguished; also prays a writ of mandamus compelling the respondents to cancel and erase the same from the mortgage records.

To this petition, the receivers appointed by the United States Circuit Court of the property of the Consolidated Association, excepted to the jurisdiction of the court *ratione personæ;* and they averred that as such receivers they were in possession of all the assets of said association, and that their possession is the possession of the said circuit court in the suit therein depending, and bearing the title *William Cressey vs. The Consolidated Association of the Planters of Louisiana,* wherein their appointment was made. And they further aver that amongst other assets of said association, they are in possession of said mortgage, and that said court has the sole and exclusive jurisdiction and dominion over the subject matter thereof, and that the court *a qua* had no jurisdiction *ratione materiæ,* and that its judgment and decree would be powerless and ineffectual to order the cancellation thereof.

These exceptions were overruled, jurisdiction maintained, and the mandamus made peremptory, and the recorder ordered to cancel and erase the mortgage; and it is from that judgment and decree that the receivers have appealed.

This transcript of appeal was lodged in this court on the 6th of December, 1888, and the decision of said cause has been since suspended to await final action in the case of Cressey vs. Association. It has been recently and finally decided by the Supreme Court, and the demands of plaintiff rejected on "account of the staleness of the claim," the court basing its decision "on the final conclusion of" this court in Association vs. Low, 35 An. 438—a parallel case.

The mandate of the Supreme Court in that case is on file herein, and the only duty which devolves on us is to conform our opinion and decree thereto, and affirm the judgment appealed from.

Judgment affirmed.